Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 14 2023

KEVIN P. WEIMER, Clerk
By _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

Atlanta Division

Michael Chatman

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

Lloyd J. Austin III
Secretary, Department of Defense
Christine Wormuth
Department of the Army

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

Case No. 1:23-CV-0670
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑ Yes  ☐ No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Michael Chatman
Street Address: 705 Majestic Oaks Way
City and County: Atlanta, Georgia
State and Zip Code: Georgia 30331
Telephone Number: 470-430-7831
E-mail Address: swpanther@comcast.net

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
  Name: Lloyd J. Austin III
  Job or Title (if known): Secretary of Defense
  Street Address: 1000 Defense Pentagon
  City and County: Washington
  State and Zip Code: District of Columbia 20301
  Telephone Number:
  E-mail Address (if known):

Defendant No. 2
  Name: Christine E. Wormuth
  Job or Title (if known): Secretary of the Army
  Street Address: 101 Army Pentagon
  City and County: Washington
  State and Zip Code: District of Columbia 20301
  Telephone Number:
  E-mail Address (if known):

Defendant No. 3
  Name: Lt. Gen David G Bassett
  Job or Title (if known): Director of Defense Contract
  Street Address: 3901 A. Ave., Building 10500
  City and County: Ft. Lee
  State and Zip Code: Virginia 23801-1809
  Telephone Number: 804-734-0628
  E-mail Address (if known):

Defendant No. 4
  Name:
  Job or Title (if known):
  Street Address:
  City and County:
  State and Zip Code:
  Telephone Number:
  E-mail Address (if known):

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[X] Federal question    [X] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual
       The plaintiff, *(name)* __Michael Chotman__, is a citizen of the State of *(name)* __Georgia__.

    b. If the plaintiff is a corporation
       The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,
       and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual
       The defendant, *(name)* __Lloyd J. Austin III__, is a citizen of the State of *(name)* __District of Columbia__. Or is a citizen of *(foreign nation)* _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

      b.    If the defendant is a corporation

           The defendant, *(name)* <u>Christine Wormuth</u> is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

           Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

$6,000,000

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Chatman filed a formal complaint of discrimination against the Department of Defense, alleging the Agency discriminated against him in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

1) Compensatory and Punitive damages
2) Age discrimination and liquidated damages
3) Racial harassment violations of the Federal Law

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 13 Feb 2023

Signature of Plaintiff: Michael Chatman

Printed Name of Plaintiff: Michael Chatman

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Street Address _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

(the court caption above is crossed out)

| | |
|---|---|
| MICHAEL CHATMAN )<br>   Plaintiff, )<br> )<br>      vs. )<br> )<br>Defendant(s). ) | CASE NO. _____ |

SECERARTY OF DEFENSE
ATTN: Mr. Lloyd Austin III

DEFENSE CONTRACT MANAGEMENT AGENCY
ATTN: Lt. Gen. David Bassett

SECRETARY OF THE ARMY
ATTN: Ms. Christine E. Wormuth

## EMPLOYMENT DISCRIMINATION COMPLAINT

------

### COMPLAINANT'S CAUSE OF ACTION(S)

Complainant, *pro se*, on the **13th date of Feb 2023** submitted this Civil Lawsuit in the state of Georgia.

### PRELIMINARY STATEMENT

Complainant filed an employment discrimination action alleging that he was discriminated base on race, age, retaliation, and hostile working conditions. In this case the Complainant has provided documents in support of his clear arguments. Pursuant to **Fed.R.Civ.P. 56(c),** an AJ may grant a motion for summary judgment if all the information before the court demonstrates that "there is no genuine issue as to material fact in dispute and the moving party is entitled to judgment as a matter of law***." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S. Ct. 486, 7 L.Ed.2d 458 (1962).*** In ruling on a motion for summary judgment, the AJ must review the facts in a light most favorable to the party requesting the motion and give that party the benefit of any inferences that logically can be drawn from those facts**. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983**). An AJ should resolve all conflicts of evidence in favor of the moving party. **Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976**).

## STATEMENT OF UNDISPUTED MATERIAL FACTS

The Complainant can establish a prima facie case of discrimination by showing that:

1. Complainant is in a membership of the protected statuses or class.
2. Complainant was subjected to an adverse employment action with negative results; and
3. Similarly situated individuals of different protected status were treated more favorably.

The Complainant has provided evidence sufficient to allow an AJ to grant its motion of summary judgement. **Calloway v. Dept. of Veteran's Affairs, EEOC Appeal No. 0120080458 (2009).** The Complainant can establish a prima facie case of harassment or hostile working condition based on protected status:

1. The Complainant was subjected to harassment in the form of unwanted or unwelcome verbal and written conducts.
2. The harassment was because of membership in a protected status.
3. The harassment affected a term or condition of complainant's employment and/or had the purpose or effect of unreasonably interfering with the work environment and creating an intimidating, hostile, offensive, or abusive work environment (the complainant was called racial slurs, negative written comments and placed on a PIP)

The Complainant proved that the agency knew or should have known of the harassments. He has shown that the agency did not offer any preventative or corrective measures. Also, he proved that the agency did not take any immediate and effective corrective action(s). **Couch v. Dept. of Energy, EEOC Appeal No. 0120131136 (2013)**: In that referenced case, the EEOC found that the Complainant was subjected to harassment based on both verbal stereotype and reprisal when coworkers would repeatedly call a co-worker "negative names", and where the Complainant's Supervisors admitted that they treated him differently after they received his EEO Notice.

## STATEMENT OF CLAIMS

Was Mr. Chatman discriminated against based on race (African American), sex (male), age and hostile working environment when, the following occurred:

a. Mr. Chatman was working in a very hostile environment created by his white managers.
b. On or about June 2018, Holdcraft gave him his performance improvement plan.
c. On or about August 15, 2018, Mr. Nolen and Mr. Holdcraft informed him the post awards position was going away and he could stay in country if he were to do office work.
d. On October 30, 2018, he discovered his performance standards and feedback on the shared drive.
e. Was Mr. Chatman reprised against (no prior EEO) when on November 28, 2018, he was reassigned to New Kabul Compound (NKC) as a Procurement Specialist for J-ENG.
f. Mr. Chatman was treated differently from others deployed employees in the Contracting area.

faith answers during the discovery, they were deemed as admitted. Any **incomplete or garage** answer served as being an admission from the agency as being accurate and document the fact that the plaintiff was discriminated by the white managers.

3. When the **AGENCY RESPONSE TO INTERROGATORY: None of the named individuals were employed by the Agency (DCMA) and DCMA can neither admit nor deny because it does not have access to the information related to this request**. Did DCMA forget that this was a **joint agency compliant [DCMA and DOA].** The two Agency bear joint responsibility for the acts of the discriminations, both Agencies are proper respondents, and the complaint must be jointly processed. (*Velez v. Department of Veteran Affairs & Department of the Air Force, EEOC Appeal 01961480 (1997)*). Complainant arguments that he filed his complaint with the proper Agency in accordance with 29 CFR 1618.106(a). Complainant filed a timely formal complaint with the proper Agency as required by 29 CFR 1618.106(a). Complainant's formal complaint was filed on Department of the Army Form 2590. Complaint was processed by an EEO Specialist employed by the Department of the Army; and involved two RMO employed by the Department of the Army. The **DOA rep** did not respond to any of the complainant's discovery questions. DCMA answers to complainant discovery requests is that DCMA was not part of his deployment agency. **DCMA and DOA should be sanctioned for not following the AJ's orders of providing answers during discovery and settlement discussions. Both agencies are not in compliance with the AJ orders in processing this complaint.**

4. The Department of Defense's January 8, 2020 Motion to Join Department of the Army as Respondent and its July 20, 2020 Reply in Support thereof: The Department of the Army's August 13, 2020 consent to the Department of Defense Motion. **The Department of the Army was JOINED** as a defendant Agency in this case. The Department of the Army was **ORDERED** to, no later than September 17, 2020, produce the Report of Investigation and to respond to Complainant's Motion to Sanction and For Default Judgment against Agency for Failure to Produce the Investigation File. The DOA did not follow the EEOC's order to provide a ROI by Sept 2019, Thus, it should have been sanctioned in Sept 2019 by the EEOC and default judgement should have been granted to the complainant in Sept 2019.

5. The complaint should had been investigated to include the unlawful action taken by Mr. Holdcraft when he placed negative remarks in the shared drive for all to see. This is an invasion of privacy, a violation of **the Privacy Act, 5 U.S.C. § 552a**. The Privacy Act protects an individual's personal identifiable information (PII) held within a system of records. Federal officials handling personal information are bound by the Privacy Act not to disclose via the sharing of data on any computer regarding an individual's personal information and are to take certain precautions to keep personal information confidential. According to **Big Ridge, Inc. v. Fed. Mine Safety & Health Review Comm'n, 715 F.3d 631, 650 (7th Cir. 2013),** "No agency shall disclose or make available any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains.

    be noted that this person did not work in Holdcraft section in contracting. He was working in the finance section. Holdcraft had not authority to supervise this person.

9. Nolen stated that on October 30, 2018, Mr. Holdcraft placed comments regarding Complainant's performance standards and feedback on an unprotected shared drive; and (When I discussed this with Mr. Holdcraft, he informed me that the information was placed in contracting share drive folders and that he believed it was protected from other people's access. Unfortunately, he was incorrect. He violated Chatman's privacy of PII.
10. Since Chatman filed this formal EEO complaint, he was retaliated against by his section head Mr. Warner. He was transferred to another location without agreeing to this move. No one had explained his duties and responsibilities for this move.
11. Mr. Chatman submitted a Request for a Hearing in the EEOC's Washington Field Office concerning complaint AFGHAN11NOV18002 against the DOD Defense Contract Management Agency. The case has been assigned EEOC case number 570-2019-01628X. If the Agency has not yet submitted the complaint file, including the Report of Investigation, the Agency is ordered to do so by **09/28/2019**. Failure to do so may result in sanctions. The ROI was not completed until **September 2021**. This was a violation of the EEOC guidelines. DCMA and DOA should had been sanctioned in FY 2019. Refer to the Complainant Reconsideration Motion that has not been ruled on by the AJ.
**12.** Ms. Butler stated that, "Mr. J.R. Nolen, Jr., was selected to be put on my billet as my replacement. He told me he did not think he could do my job, nor did he want it and he was looking to find a logistics advisor position to move onto before I redeployed." **This statement support the fact Nolen did not have the background to be the contracting section lead,**
13. MS, Butler stated, "My focus in setting up the post-award team was to assign dedicated advisors that would 1 – map out the contract administration function as it existed, 2 – identify areas to be streamlined/eliminated and 3 – to advise the Afghans on issues such as consideration for contract modifications, tracking past performance, quality control, etc.". **Chatman written report entitled AFG did explain what Ms. Butler wanted in her request for post-award report**. His report detailed the facts about the status of post award in the host nation. Everyone with post award background stated this report was professionally written. The AJ should at least read this report before making any rulings.
14. Ms. Butler stated, ", I assigned him to work with Kenneth Holdcraft on the post-award team consisting of Kenneth Holdcraft, Paula Webb and Michael Chatman. Mr. Holdcraft was **angry upon arrival that he was not "put in charge" despite his shallow procurement experience.** I put him on the post-award team as the lead advisor so he could feel like he was mentoring the team (**my 1st and 2nd level supervisors did not want Mr. Holdcraft to hold a supervisory position)**". This statement prove that Holdcraft did not have any contracting background and should not been deployed and sent home within two months of his deployment,
15. Holdcraft stated that he did not put Chatman on a PIP. He stated that it was an EIP. This was a lie. Ms. Butler called it a PIP. She stated, ": Yes, a PIP is a common process used to ensure communication of duties to an employee who is struggling with the goal of helping them quickly bring up their performance to an acceptable level. I had taken a

duties or whether she was performing them. She asked why I was sent there when she was already providing the procurement support to NKC. This re-assignment was retaliation for having filed my EEO complaint. I either had to pack up and move to NKC or be sent home.

19. Chatman has stated he was working in a hostile working environment. The ROI was not done properly by the investigator. The ROI, DCMA and DOA can/did not explain why Nolan was sent home six months into his 12 months deployment. **He was sent home because he physically threating a military solder during his deployment** because he was incompetent of during his job as the contracting lead. See Ms. Brown, and the SGT statements in the ROI section 7. **Warner was sent home six months into his 12 months deployment because he was incompetent and made negative comments about an Afghanistan's General in a contracting meeting**. Warner had stated he wanted to shoot his **Spic** supervisor in the head for not granting his 1-year extension. This was a very racism statement that shows how the white managers think of non-white US citizens. The ROI does not explain why Holdcraft was remove from the contracting area on RS in December 2018 and placed in another area because his lack of contracting. Also, later Holdcraft was sent home because he could not perform his duties in the second section he was sent in Dec 2018, He should have never been deployed. He had cried **(tears in his eyes)** several times in front of the complainant that he was not given any work assignments in the contracting area on RS. Compared Chatman's resume with the above white managers to determine why he had years of contracting backgrounds and the ignorant white managers did not. See Chatman's Resume he has previously submitted,

20. ROI and the DCMA/DOA did not explain why Mr. Mira had a GS-13 white female performing and writing his daily reports. It was common knowledges that Maria had a writing problem and could not perform his duties as the section head without the assistances of this GS-13 white female.

    - How can he rate anyone as a poor performer when he could not perform his daily duties?
    - Ms. Brown and Pekita Telerfrao (cell #240-808-988) can confirm this above statement.
    - Why did Mr. Mira during his last week on RS was in his office crying because this GS-13 female called him an unfit supervisor?
    - Why did everyone in the contracting area considered Mr. Maria not a good section head and bad leader?

21. The ROI and DCMA/DOA can/do not explain why Chatman was treated differently from others. During Chatman's deployment, a co-worker, a white female (Katrina), ran into some major issues causing one of the Afghanistan's employee to lose his employment on RS because she accused him of selling fake jewelry. She told a white male solider to force this Afghanistan guy to leave RS. During a meeting or when Mira was dinning with the local host nation sellers, this white solder told this same jewelry seller, "**who told you to come back to RS**." He physically forced this guy to leave RS and not to come back, only because this GS-13 white female told him to do. This solider did not

## CERTIFICATE OF SERVICE

I certify that I caused a copy of **COMPLAINANT CIVIL LAWSUIT** served upon Secretary of Defense, DCMA and DOA Agency's counsels this _____ Feb 2023, to the following email address:

| | |
|---|---|
| **SECERARTY OF DEFENSE**<br>**ATTN: Lloyd Austin III**<br>**1000 Defense Pentagon**<br>**Washington, D.C. 20301** | by certified Mail |
| **DEFENSE CONTRACT MANAGEMENT AGENCY**<br>**ATTN: Lt. Gen. David Bassett**<br>**3901 A. Avenue, Building**<br>**Ft. Lee, Virginia 23801-1000** | by certified mail |
| **SECRETARY OF THE ARMY**<br>**ATTN: Ms. Christine E. Wormuth**<br>**101 Army Pentagon**<br>**Washington, DC 20301** | by certified email |

_____ Feb 2023

**Respectfully Submitted,**

**Michael Chatman**